**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SAENZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FRANK X. CHAVEZ, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:11-cv-01872-SKO PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

**Screening Order**

**I.     Screening Requirement**

　　Plaintiff Robert Saenz, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 10, 2011. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

///

1

**II.    Rules 8(a) and 18**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Further, Plaintiff may not proceed in one action on a myriad of unrelated claims against different staff members. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (unrelated claims against different defendants belong in separate suits and complaints violating that principle should be rejected).

In this instance, Plaintiff's sixty-one page complaint sets forth multiple claims against multiple defendants. The complaint is so mired in extraneous facts and vague assertions that it fails to comply with Rule 8(a). Plaintiff bears the burden of briefly and clearly providing the facts which support each claim so that the Court and Defendants are readily able to understand the claims. Bautista v. Los Angeles County, 216 F.3d 837, 840-41 (9th Cir. 2000).

///

1  Given that Rule 8(a) requires a short and plain statement of the claim and the prohibition on
2  improper joinder, twenty-five pages, excluding exhibits, are more than sufficient for Plaintiff to
3  identify his claims and set forth specific facts in support of those claims.  Accordingly, Plaintiff's
4  amended complaint may not exceed twenty-five pages in length, and it will be stricken from the
5  record if it violates this page limitation.

### III.  Conclusion and Order

Plaintiff's complaint shall be dismissed for failure to comply with Rule 8(a).  The Court will provide Plaintiff with the opportunity to file an amended complaint.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff's amended complaint may not exceed twenty-five pages in length, excluding exhibits, and it must comply with Rule 18.

In amending his complaint, Plaintiff is advised that under section 1983, he must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 129 S.Ct. at 1948-49; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct.  Iqbal, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235.  Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, __ F.3d __, __, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint, filed November 10, 2011, is dismissed;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint not to exceed twenty-five pages in length excluding exhibits; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   October 16, 2012**            /s/ Sheila K. Oberto
                                UNITED STATES MAGISTRATE JUDGE