# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SAENZ,<br><br>              Plaintiff,<br><br>     v.<br><br>FRANK X. CHAVEZ, et al.,<br><br>              Defendants.<br>_____/ | CASE NO. 1:11-cv-01872-SKO PC<br><br>SECOND SCREENING ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS WITHOUT LEAVE TO AMEND, AND DISMISSING CLAIMS AGAINST DEFENDANT LACEY, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 10)<br><br>THIRTY-DAY DEADLINE |

**Second Screening Order**

**I.     Screening Requirement and Standard**

Plaintiff Robert Saenz, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 10, 2011. On October 17, 2012, the Court dismissed Plaintiff's sixty-six page complaint, with leave to amend, for failure to comply with Federal Rule of Civil Procedure 8(a). On November 26, 2012, Plaintiff filed a twenty-five page amended complaint accompanied by seven-hundred thirty-eight pages of exhibits.[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

---

[1] Plaintiff's voluminous submission of largely irrelevant exhibits will be addressed at the conclusion of this order.

1  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.   Discussion**

Plaintiff, who is currently incarcerated at Richard J. Donovan Correctional Facility in San Diego, brings this action against Warden Frank X. Chavez, Correctional Lieutenant J. Kavanaugh, and Correctional Officer B. Lacey for violating his rights under the United States Constitution while he was confined at Sierra Conservation Center (SCC) in Jamestown in 2010.[2]

---

[2] Plaintiff alleges that he is suing Defendants in their individual and official capacities.  However, Plaintiff is suing Defendants based on their personal involvement in violating his rights and therefore, his claims are individual, or personal, capacity claims.  In addition, because Plaintiff is no longer incarcerated at SCC and he is suing over past events, he is limited to seeking damages in this action and is precluded from bringing any claims

In his amended complaint, Plaintiff sets forth a litany of very general accusations against all three defendants.[3] The Court declines to summarize those allegations; it suffices to note that the violation of state law, including prison regulations, rules, and polices, does not support a claim under section 1983, *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009); *Ove v. Gwinn*, 264 F.3d 817, 824-25 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997), and conclusory assertions of wrongdoing do not support any claims, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.[4]

///

///

///

---

against state officials in their official capacity. *E.g., Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013); *Wolfson v. Brammer*, 616 F.3d 1045, 1065-66 (9th Cir. 2010); *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).

[3] For example, Plaintiff alleges, "Chavez, under appointment as warden/hiring authority by the 'appointed powers' e.g., Secretary of Corrections, under DOM 33030.4, supra, arbitrarily, capriciously, in full knowledge of action(s) taken, delegated his hiring authority duties, in accordance with Ex (B), AB-05/03, elected to join, actively participate in unregulated, unlawful CDCR-rogue group that unleashes harsh retaliations on prisoners/plaintiff." (Amend. Comp., Doc. 10, ¶14.)

[4] Additionally, the Court notes that there is also no authority for the proposition that prison regulations or policies provide a private right of action to inmates. *E.g.*, *Vasquez v. Tate*, No. 1:10-cv-1876 JLT (PC), 2012 WL 6738167, at *9 (E. D. Cal. Dec. 28, 2012); *Davis v. Powell*, __ F.Supp.2d __, __, No. 10cv1891-CAB (RBB), 2012 WL 4754688, at *9 (S.D. Cal. Oct. 4, 2012); *Meredith v. Overley*, No. 1:12-cv-00455-MJS (PC), 2012 WL 3764029, at *4 (E.D. Cal. Aug. 29, 2012); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *8 (S.D.Cal. Nov. 13, 2009); *Davis v. Kissinger*, No. CIV S-04-0878 GEB DAD P, 2009 WL 256574, at *12 n.4 (E.D.Cal. Feb. 3, 2009), *adopted in full*, 2009 WL 647350 (Mar. 10, 2009).

Plaintiff also refers repeatedly to Administrative Bulletin 05-03 (AB 05-03) as an "underground regulation" enacted in violation of the California's Administrative Procedures Act. Cal Gov't Code § 11340.5 (West 2013); *Davenport v. Superior Court*, 202 Cal.App.4th 665, 669, 135 Cal.Rptr.3d 239, 243 (Cal. Ct. App. 2012). AB 05-03 was issued on November 22, 2005, by Chief Deputy Secretary Joe McGrath and the State of California Office of Administrative Law found that it was an "underground regulation" in a decision issued on September 26, 2008. (Amend. Comp., Doc. 10, court record pp. 31-41.) The Court does not determine under what circumstances a viable claim for relief under California law might lie given that AB 05-03 has no obvious relevance or relation to Plaintiff's claims against Defendants Chavez, Kavanaugh, and Lacey such that judicial review of the regulation would be appropriate in this action. Cal Gov't Code § 11340.5(d); *Morning Star Co. v. State Bd. of Equalization*, 38 Cal.4th 324, 332-33, 132 P.3d 249, 254 (Cal. 2006) (regulation which substantially fails to comply with APA may be declared judicially invalid). Furthermore, Defendants Chavez and Kavanaugh, against whom Plaintiff's "underground regulation" assertions are directed generally, are dismissed from this action because the claims against them are not properly joined with the claims against Defendant Lacey, as discussed in section III(B). Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Under these circumstances, the Court lacks supplemental jurisdiction over the state law claim, whatever other claim deficiencies, including timeliness, may exist. 28 U.S.C. § 1367(a).

**A.    Plaintiff's Claims**

    **1.    Defendant Chavez**

        **a.    Summary of Allegations**

On August 26, 2010, Plaintiff was ordered to appear before the Administrative Segregation Unit (ASU) Institutional Classification Committee (ICC). Plaintiff was escorted to a holding cage next to the ASU door and when Defendant Chavez entered ASU, he saw Plaintiff and stated, "I'm transferring your ass today." (Amend. Comp., Doc. 10, ¶16.) When Plaintiff asked what was going on, Defendant Chavez told him that this was Defendant's prison, he was Plaintiff's due process, and Plaintiff was being transferred whether he liked it or not. (*Id.*) Plaintiff alleges that he was sandbagged, resulting in the loss of IE (investigative employee) services and an inmate witness, retaliation for filing grievances, and the quashing of any possible defense.

An ASU-ICC thirty-day review was scheduled for September 2010, and on September 22, 2010, Plaintiff's caseworker told him that he was done and he was going to Corcoran Level III, his enemy concerns had long been a non-issue, his enemy was transferred four to five weeks ago, and any appeal he filed would do no good because the warden was set on keeping him in ASU pending transfer.

        **b.    Due Process Claim**

Plaintiff's allegations suggest a due process claim. Though no small feat, the Court was able to cull from Plaintiff's voluminous exhibits several records relevant to this claim, which lend much needed clarity to the factual bases for Plaintiff's claims. Those facts reveal that on August 18, 2010, Plaintiff was removed from the Sensitive Needs Yard at SCC and placed in ASU pending an investigation into whether Plaintiff had engaged in the "extortion of mentally disadvantaged inmates." (Amend. Comp., Doc. 11-2, court record p. 14.) A hearing on Plaintiff's ASU placement was held on August 24, 2010, and he was absolved of extortion but retained in ASU because an enemy concern involving an inmate named Potts had come to light. (*Id.*, p. 16.) That enemy concern was documented by Defendant Kavanaugh in a confidential information disclosure form dated August 24, 2010. (*Id.*, p. 21.)

///

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. *Wilkinson*, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. *Id.* The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, *id.* at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, *id.* at 222-23 (citing *Sandin v. Conner*, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Wilkinson*, 545 U.S. at 222-23 (citing *Sandin*, 515 U.S. at 484) (quotation marks omitted); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

However, Plaintiff's allegations do not support the existence of a liberty interest in remaining free from ASU or in remaining at SCC, *Wilkinson*, 545 U.S. at 222-23; *Myron*, 476 F.3d at 718; *Meachum v. Fano*, 427 U.S. 215, 224-25, 96 S.Ct. 2532 (1976); *see also Resnick v. Hayes*, 213 F.3d 443, 448-49 (9th Cir. 2000) (no liberty interest in remaining free from the SHU pending disciplinary hearing and no liberty interest in avoiding SHU confinement); *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (no liberty interest in remaining free from disciplinary segregation unit pending disciplinary hearing), and in the absence of a protected liberty interest, Plaintiff's claim that he was retained in ASU and/or endorsed for transfer without due process fails, *Wilkinson*, 545 U.S. at 221.

Notwithstanding that deficiency, administrative segregation entitles Plaintiff only to notice and an opportunity to be heard, which his allegations and exhibits demonstrate he received. *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003) (citing *Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir. 1986), *abrogated in part on other grounds*, Sandin, 515 U.S. 472). Plaintiff is not entitled to the assignment of an investigative employee, the appearance of inmate witnesses, or any of the other procedural protections which accompany prison disciplinary hearings. *Toussaint*, 801 F.2d at 1100-01; *see also Wolff v. McDonnell*, 418 U.S. 539, 563-71, 94 S.Ct. 2963 (1974) (identifying the five

5

minimal procedural protections which must accompany prison disciplinary proceedings). Therefore, Plaintiff fails to state a claim for denial of due process arising out of his ASU placement and retention and/or his endorsement for transfer to a different institution.

### c. **Retaliation Claim**

Plaintiff's amended complaint is peppered with conclusory allegations of retaliation against him for filing grievances, and Defendant Chavez's alleged comments to Plaintiff suggest at least some minimal level of irritation with Plaintiff.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). However, while Plaintiff unquestionably has a protected right to file prison grievances, conclusory assertions of retaliatory motive are insufficient to support a viable claim and Plaintiff fails to state a plausible claim for relief against Defendant Chavez for retaliation. *Watison*, 668 F.3d at 1114; *Brodheim*, 584 F.3d at 1269.

### d. **Eighth Amendment Claim**

Plaintiff's amended complaint is also sprinkled with vague assertions of Eighth Amendment violations.

The Eighth Amendment protects prisoners from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994); *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995 (1992).

In order to state a claim, Plaintiff must allege facts sufficient to show that Defendant Chavez knew of and disregarded a substantial risk of serious harm to him, but his amended complaint is devoid of any such facts and he fails to state a claim against Defendant Chavez for violation of the Eighth Amendment. *E.g.*, *Farmer*, 511 U.S. at 847; *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010); *Richardson v. Runnels*, 594 F.3d 666, 672 (9th Cir. 2010).

### 2. Defendant Kavanaugh

#### a. Retention in ASU

Plaintiff alleges that Defendant Kavanaugh authored a false CDC-1030 confidential information disclosure form, which, as discussed above, was used to support Plaintiff's continued retention in ASU in August 2010.

For the reasons set forth above, Plaintiff's assertion that the confidential information disclosure form was false does not support a claim. The apparent fact that inmate Potts authored a declaration almost three months later stating that he and Plaintiff were not enemies does not necessarily negate the veracity of the memorandum authored by Defendant Kavanaugh. (Amend. Comp., Doc. 11-2, court record pp. 21, 34-36.) Regardless, Plaintiff fails to demonstrate a protected liberty interest in remaining free from ASU, *Wilkinson*, 545 U.S. at 222-23; *Myron*, 476 F.3d at 718, and he received all the process he was due, *Bruce*, 351 F.3d at 1287. Therefore, Plaintiff fails to state a claim against Defendant Kavanaugh for denial of due process arising out of his retention in ASU.

Furthermore, there are no facts supporting the existence of a retaliation claim against Defendant Kavanaugh, *Watison*, 668 F.3d at 1114-15; *Brodheim*, 584 F.3d at 1269-73; *Rhodes*, 408 F.3d at 567-68, or an Eighth Amendment claim, *Farmer*, 511 U.S. at 847; *Thomas*, 611 F.3d at 1150-51; *Richardson*, 594 F.3d at 672.

#### b. Inmate Appeal Decision

Plaintiff also alleges that Defendant Kavanaugh fabricated a defense on a material appeal issue relating to log number SCC-10-378. Plaintiff's exhibits reveal that on March 19, 2010, he filed an inmate appeal against Defendant Lacey for withholding his mail. (Amend. Comp., Doc. 11-2,
///

7

1  court record p. 98.)  At the first level of review, Defendant Kavanaugh and Quinn denied the appeal.
2  (*Id.*, p. 99.)
3      The denial of Plaintiff's administrative appeal presents no basis for the imposition of liability
4  under section 1983. Plaintiff's mere disagreement with the decision cannot support a claim, *Ramirez*
5  *v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988),
6  and in light of the contents of the appeal, including the relief sought, and of the appeal decision itself,
7  no adverse action within the meaning of the First Amendment occurred, additional deficiencies
8  notwithstanding, *Watison*, 668 F.3d at 1114-15; *Brodheim*, 584 F.3d at 1269-73; *Rhodes*, 408 F.3d
9  at 567-68.  Therefore, Defendant Kavanaugh's involvement in denying Plaintiff's appeal does not
10 support a claim for relief.

### 3. **Defendant Lacey**

#### a. **Summary of Allegations**

13   Finally, Plaintiff alleges that Defendant Lacey withheld his mail on March 12 and 18, 2010,
14 and that on March 12, 2010, Defendant Lacey "verbally assaulted" him and twisted his left wrist up
15 toward his neck and head area, in a retaliatory use of excessive force. (Amend. Comp., ¶46.)
16 Defendant Lacey threatened to confiscate Plaintiff's property, and to trash his cell and fabricate
17 criminal evidence.  Plaintiff filed an inmate appeal and he also asked for medical attention for his
18 wrist, to which Defendant Lacey told him to shut up.
19   The next day, Defendant Lacey entered Plaintiff's cell and followed through with his threat
20 to confiscate Plaintiff's property.  Plaintiff's cellmate's property was not touched and Plaintiff
21 alleges that the search was conducted in retaliation for an appeal Plaintiff filed against Defendant
22 Lacey's partner, Officer Wattles.
23   On August 7, 2010, Defendant Lacey attempted to verbally incite Plaintiff to violence but
24 Plaintiff walked away.  Then, while Plaintiff was at the chow hall, Defendant Lacey left his
25 observation station, entered Plaintiff's cell, and confiscated more of Plaintiff's property. Defendant
26 Lacey did not touch Plaintiff's cell mate's property, and he stated to Plaintiff, "Fuck you and your
27 write-ups. As long as I'm here, you'll suffer." (Amend. Comp., Doc. 10, ¶52.)
28 ///

### b.     Mail Claim

Prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). However, an isolated incident of mail interference or tampering usually does not support a claim under section 1983 for the violation of a constitutional right. *See Davis v. Goord*, 320 F.3d 346, 351 (2d. Cir. 2003) (isolated incident of mail tampering usually insufficient to state claim); *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997) (isolated incident of opening legal mail without evidence of improper motive or resulting interference with access to courts or right to counsel does not support a claim); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (isolated incident of opening one piece of legal mail in error does not rise to level of constitutional violation); *Grant v. Warden*, No. 1:11-cv-01608-LJO-SKO PC, 2011 WL 4048524, at *2 (E.D.Cal. Sept. 9, 2011); *Hargrove v. Mitchell*, No. 1:07CV360-01-MU, 2007 WL 4284903, at *1 (W.D.N.C. Dec. 4, 2007).

In this instance, Defendant Lacey allegedly refused to deliver Plaintiff's mail on two occasions and told Plaintiff that his mail was going to be sent to the mail room; and in his inmate appeal, Plaintiff sought to have his mail delivered without comment and harassment. (Amend. Comp., Doc. 11-2, court record p. 98.) These allegations simply do not support a claim for violation of Plaintiff's right to receive mail. There is no suggestion in the record that Plaintiff was actually deprived of any incoming mail and the incidents were isolated.

### c.     Excessive Force Claim

For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, __, 130 S.Ct. 1175, 1178 (2010) (per curiam) (citing *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995 (1992)) (internal quotation marks omitted); *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, *Hudson*, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, *Wilkins*, 559 U.S. at

9

__, 130 S.Ct. at 1178 (citing *Hudson*, 503 U.S. at 9-10) (quotation marks omitted); *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002).

The context in which Defendant Lacey used force on Plaintiff is unclear from the amended complaint. While Plaintiff describes the pain as excruciating and asserts that it was excessive and in retaliation against him, these allegations are conclusory. The mere possibility that Defendant Lacey acted maliciously and sadistically for the very purpose of harming Plaintiff is insufficient. If Plaintiff wishes to pursue an excessive force claim, he must allege sufficient facts to support a claim that the force was not "applied in a good-faith effort to maintain or restore discipline" but instead was applied "maliciously and sadistically to cause harm." *Wilkins*, 559 U.S. at __, 130 S.Ct. at 1178; *Furnace,* 705 F.3d at 1028.

### d.    Medical Care Claim

It is unclear if Plaintiff is attempting to pursue an Eighth Amendment claim against Defendant Lacey based on denial of medical care, but if so, Plaintiff's allegations do not support a claim that Defendant acted with deliberate indifference to a substantial risk of harm of Plaintiff's health, resulting in harm to Plaintiff. *Wilhelm*, 680 F.3d at 1122.

### e.    Retaliation Claim

Finally, Plaintiff's allegations against Defendant Lacey fall short of supporting a viable retaliation claim. Defendant Lacey's statements to Plaintiff on August 7, 2010, evidence retaliatory motive, but Plaintiff has not alleged the absence of any legitimate penological purpose and given that cell searches and property confiscation occur routinely in the furtherance of institutional safety and security, Plaintiff may not rest upon an vague allegations. Plaintiff's other allegations are even less specific and less supportive of a retaliatory motive.

The Court will permit Plaintiff to amend his retaliation claim, but Plaintiff is reminded that he must allege that he was retaliated against for engaging in protected conduct (filing grievances is protected conduct); he must claim that adverse action was taken against him; he must allege a causal connection between the adverse action and the protected conduct; he must allege either that the official's acts would chill or silence a person of ordinary firmness from future First Amendment activities or that he suffered from some other harm that was more than minimal; and he must allege

that the retaliatory action did not advance legitimate correctional goals. *Watison*, 668 F.3d at 1114-15 (quotation marks and citations omitted).

### B. Improper Joinder of Claims Against Defendants Chavez and Kavanaugh

The preceding review of Plaintiff's claims on their merits reveals another issue: Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). As an initial matter, Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

In this instance, Plaintiff's amended complaint fails to state any claims upon which relief may be granted against Defendants Chavez, Kavanaugh, and Lacey, but Plaintiff's claims against Defendant Lacey appear to be his strongest claims and the deficiencies appear to be the most amenable to being cured through amendment. Plaintiff's claims against Defendants Chavez and Kavanaugh which arise out of Plaintiff's placement and retention in ASU in August 2010 and his endorsement for transfer do not arise out of the same transaction or occurrence, or series of transactions and occurrences, and do not share common questions of law or fact with Plaintiff's claims against Defendant Lacey. Therefore, those claims shall be dismissed from the action, without prejudice but without leave to amend in this action.

### III. Conclusion and Order

Plaintiff's amended complaint fails to state any claims upon which relief may be granted under section 1983. Plaintiff's claim against Defendant Kavanaugh arising out his decision to deny Plaintiff's administrative appeal is not cognizable nor is Plaintiff's mail claim against Defendant Lacey, and because the deficiencies are not curable through amendment, those claims shall be dismissed with prejudice. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

1          Plaintiff's claims against Defendant Lacey are the most amenable to being cured through
2  amendment and Plaintiff shall be granted leave to amend those claims, with the exception of the
3  interference with mail claim.  Assuming Plaintiff is able to cure the deficiencies and state one or
4  more claims against Defendant Lacey, Plaintiff's claims against Defendants Chavez and Kavanaugh
5  arising out of their involvement in his placement and retention in ASU in August 2010 and/or his
6  endorsement for transfer are not properly joined with his claims against Defendant Lacey, and those
7  claims shall be dismissed without prejudice but without leave to amend in this action.

8          Plaintiff's second amended should be brief, Fed. R. Civ. P. 8(a), but it must state what each
9  named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S.
10 at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right
11 to relief above the speculative level. . . ."  *Twombly*, 550 U.S. at 555 (citations omitted).

12         Finally, the second amended complaint supercedes the first amended complaint, *Lacey v.*
13 *Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself
14 without reference to the prior or superceded pleading," Local Rule 220.  Plaintiff is informed that
15 it is unnecessary for him to support his second amended complaint with exhibits, but if he does so,
16 the attached exhibits must be relevant and they must be incorporated by reference.[5]  The Court has
17 no duty to wade through voluminous exhibits and piece together which exhibits pertain to which
18 claims.  That the Court identified and reviewed some relevant records in an attempt to lend clarity
19 to Plaintiff's claims should not be taken by Plaintiff a sign that he bears no responsibility for
20 ensuring that his exhibits are relevant and properly incorporated by reference.

21         Plaintiff's exhibits are, bluntly, a mess.  Many of the exhibits are irrelevant, they are largely
22 disorganized, and there are at least two copies of many exhibits.  While it appears that Plaintiff made
23 some attempt to label exhibits, the end result was not a compilation of relevant, clearly labeled
24 exhibits.  If Plaintiff again submits an unnecessarily voluminous pile of paper which is not properly
25 organized and labeled and which contains a multitude of irrelevant exhibits, the exhibits will be
26 stricken in their entirety.

---

[5] The sheer volume of Plaintiff's exhibits requires significant organization and labeling so that the Court may easily locate each page Plaintiff refers to and each section within each page, if the relevance is not clear.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's First Amendment claim against Defendant Lacey for failing to deliver his mail on March 12 and 18, 2010, is dismissed, with prejudice, for failure to state a claim;

2. Plaintiff's claim against Defendant Kavanaugh arising out of his involvement in denying Plaintiff's inmate appeal against Defendant Lacey for failing to deliver mail is dismissed, with prejudice, for failure to state a claim;

3. Plaintiff's claims against Defendants Chavez and Kavanaugh which arise out of Plaintiff's placement and retention in ASU in August 2010 and/or his endorsement for transfer are dismissed, without prejudice but without leave to amend in this action, on the ground that they are not properly joined with Plaintiff's claims against Defendant Lacey;

4. Plaintiff's claims against Defendant Lacey are dismissed, with leave to amend, for failure to state any claims under section 1983;

5. The Clerk's Office shall send Plaintiff a civil rights complaint form;

6. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and

7. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

**Dated:   April 30, 2013**              /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE