# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GONZALES SAENZ, <br><br>   Plaintiff, <br><br> v. <br><br> CHAVEZ, et al., <br><br>   Defendants. | Case No. 1:11-cv-01872-AWI-SKO (PC) <br><br> **ORDER DENYING PLAINTIFF'S MOTION ON THE SETTLEMENT** <br><br> **(Doc. 72)** |

Plaintiff, Robert Gonzales Saenz, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983.

A settlement conference was held in this matter on June 29, 2016, before United States Magistrate Judge Barbara A. McAuliffe, and a settlement[1] was reached. (Doc. 69.) The parties filed a stipulation for voluntary dismissal, with prejudice, under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, on June 30, 2016. (Doc. 70.) As a result, the case was dismissed on July 1, 2016. (Doc. 71.) On September 6, 2016, Plaintiff filed a motion seeking correction of the payment of the monies under the settlement. (Doc. 72.) Defendants filed a response at the Court's request and Plaintiff filed a reply. (Docs. 74, 77.)

Federal courts are courts of limited jurisdiction; they possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 378, 114 S.Ct. 1673 (1994) (quotation marks and citations omitted). The enforcement of a settlement agreement is more than simply a continuation or renewal of the dismissed suit and requires its own basis for jurisdiction. *Kokkonen*, 511 U.S. at 378 (quotation marks omitted). A court may retain

---

[1] The terms of the settlement were not set forth on the record and the settlement agreement was not filed in this action.

1

jurisdiction to enforce a settlement agreement, but that retention must be express. *Kokkonen*, 511 U.S. at 378; *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1017 (9th Cir. 2007); *Ortolf v. Silver Bar Mines, Inc.*, 111 F.3d 85, 87-88 (9th Cir. 1997); *Hagestad v. Tragesser*, 49 F.3d 1430, 1433 (9th Cir. 1995). The party seeking enforcement of the settlement agreement must also allege a violation of the settlement agreement to establish any such ancillary jurisdiction. *Alvarado*, 509 F.3d at 1017.

Here, the parties signed and filed a stipulation for voluntary dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) -- this provision does not provide the court with jurisdiction over disputes arising out of the settlement agreement that resulted in the stipulation. The parties neither assert that retention of jurisdiction by this court was part of the settlement agreement, nor was the settlement agreement submitted for review. Thus, the Court cannot find that continued jurisdiction was part of the parties' agreement that resolved this action. *Kokkonen*, 511 U.S. at 378; *Ortolf*, 111 F.3d at 87-88; *Hagestad*, 49 F.3d at 1433. Additionally, Plaintiff's request for correction of payment appears to relate to the transfer of the settlement monies from his trust account to pay for restitution in his criminal action, as opposed to a family member of his choice; Plaintiff does *not* contend that Defendants failed to pay the settlement monies as agreed. There is thus no basis for ancillary jurisdiction. *Alvarado*, 509 F.3d at 1017.

This Court also lacks jurisdiction over both the Superior Court staff (to order them to address the discrepancy regarding restitution owed by Plaintiff) and prison personnel (to require them to reimburse Plaintiff's trust account or to send a check to a person of Plaintiff's choosing). Federal courts are courts of limited jurisdiction and in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). Since the Court no longer has an actual case or controversy before it, it cannot hear Plaintiff's motions pertaining to discrepancies in the restitution he may owe and whether his settlement monies should have been paid toward his restitution amount. *Id.*

Further, even when this case was open, the Court lacked jurisdiction over prison officials in general or over the payment of any monies in his trust account toward restitution. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction was limited to the parties and the cognizable legal claims in this action. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599 F.3d at 969. "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985). Thus, Plaintiff's motion must be denied for lack of jurisdiction over both the prison staff regarding funds in his trust account and the Superior Court regarding discrepancies in any restitution amount owed by Plaintiff.[2]

In light of the state court's failure to respond to inquiries by prison staff, a copy of this order, Plaintiff's motion, Defendants' response, and Plaintiff's reply will be forwarded to the assigned Superior Court judge with a request that the discrepancy regarding restitution owed by Plaintiff in their records be addressed and rectified.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for enforcement of the settlement agreement, filed on September 6, 2016, is DENIED, for lack of jurisdiction. The Clerk of the Court shall send a copy of this order, Plaintiff's motion, Defendants' response, and Plaintiff's reply to the Honorable L. Jeffrey Wiatt, Superior Court Judge, North Valley Branch, 900 3rd Street, San Francisco, CA 913240.

IT IS SO ORDERED.

Dated:  **December 2, 2016**          /s/ *Sheila K. Oberto*
                                       UNITED STATES MAGISTRATE JUDGE

---

[2] Nothing in this order should be construed to restrict Plaintiff from contacting his criminal defense attorney, nor from seeking recourse with the state court. This action is simply not the appropriate conveyance for the remedy Plaintiff seeks.